HEAT & FROST INSULATORS LOCAL 19 AND
127 HEALTH FUND,
HEAT & FROST INSULATORS LOCAL 127
APPRENTICESHIP FUND,
HEAT & FROST INSULATORS LOCAL 127
VACATION AND HOLIDAY FUND,
HEAT & FROST INSULATORS LOCAL 127
PENSION FUND,
HEAT & FROST INSULATORS LOCAL 127
ANNUITY TRUST FUND,
and JEREMY WICKE (in his capacity as Trustee),

    **Plaintiffs,**

  **v.**            **Case No. 26-cv-816**

PCI ENERGY SERVICES LLC,

    **Defendant.**

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant PCI Energy Services LLC (PCI) is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) in that the Plaintiffs are aggrieved by PCI's violation of the General Presidents' Project Maintenance Agreement (Labor Agreement), as well as

trust agreements and trustee resolutions that it became bound to by virtue of becoming a party to the Labor Agreement.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiff Funds principal offices are in Milwaukee, Wisconsin.

## Parties

3. Plaintiffs Heat & Frost Insulators Local 19 and 127 Health Fund, Heat & Frost Insulators Local 127 Apprenticeship Fund, Heat & Frost Insulators Local 127 Vacation and Holiday Fund, Heat & Frost Insulators Local 127 Pension Fund, and Heat & Frost Insulators Local 127 Annuity Trust Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (3), and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3), and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain an office at 11270 West Park Place, Suite 950, Milwaukee, WI 53224.

4. Plaintiff Jeremy Wicke is a trustee and fiduciary of the Plaintiff Funds as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Jeremy Wicke maintains an office at 33 East Third Street in Clintonville, Wisconsin, 54311.

5. Defendant PCI is a Foreign Limited Liability Company with a principal place of business located at 1878 Joe Rogers Jr. Boulevard, Manning, South Carolina 29102. Its registered agent is Corporation Service Company located at 33 East Main Street, Suite 610, Madison, Wisconsin 53703.

## Facts

6.     Defendant PCI is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) of ERISA (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

7.     As of August 1, 2018, BHI Energy I Specialty Services LLC (BHI) became signatory to the Labor Agreement for maintenance work performed at the Point Beach Nuclear Plant in Two Creeks, Wisconsin. As of January 22, 2024, PCI became the successor to BHI as the surviving entity of a merger between BHI and PCI, and accordingly, succeeded BHI as party to the Labor Agreement for maintenance work performed at the Point Beach Nuclear Plant.

8.     For all times relevant, the Heat & Frost Insulators Local 127 (Union) served as the collective bargaining representative for a bargaining unit of PCI employees performing maintenance work at the Point Beach Nuclear Plant.

9.     Pursuant to Labor Agreement, PCI was obliged to remit fringe benefit contributions to the Plaintiff Funds for all hours of covered work performed by all employees.

10.     By becoming signatory to the Labor Agreement, PCI also agreed to become bound to the Insulators Local 127 Collective Bargaining Agreement (Local 127 CBA), but only to the extent that the Local 127 CBA dictates the pay provisions to Plaintiff Funds.

11.     By becoming signatory to the Labor Agreement, PCI also agreed to become bound to the trust agreements governing the Plaintiff Funds, as well as rules

and regulations adopted by each respective group of trustees pursuant to the trust agreements for each Fund.

12.     Pursuant to the Local 127 CBA and Plaintiff Funds' Trust Agreements, all fringe benefit contributions are due by the 15th day of the following month after covered work was performed, after which, the contributions would become delinquent.

13.     The Local 127 CBA and Plaintiff Funds' Trust Agreements authorize the collection of and set out rates of interest and liquidated damages to charge for delinquent contributions.

14.     During the period January 1, 2022, and December 31, 2024, PCI belatedly remitted, or failed to remit altogether, all contributions owed to the Plaintiff Funds as required by the Labor Agreement, Local 127 CBA, and the Plaintiff Funds' Trust Agreements.

15.     By failing to remit contributions to Plaintiff Funds by the fifteenth day of the month following the one during which the work was performed, PCI owes to Plaintiffs interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

### Claim One - Against Defendant PCI Energy Services LLC
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

17.     As and for a first claim for relief against PCI, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18.     For purposes of this claim, Plaintiffs Heat & Frost Insulators Local 19 and 127 Health Fund, Heat & Frost Insulators Local 127 Apprenticeship Fund, Heat & Frost

-4-

Insulators Local 127 Vacation and Holiday Fund, Heat & Frost Insulators Local 127 Pension Fund, Heat & Frost Insulators Local 127 Annuity Trust Fund, each collectively will be referred to as the "Funds."

19.     PCI has failed to remit to the Funds all contributions required by the Labor Agreement, Local 127 CBA, and Trust Agreements, in violation of 29 U.S.C. §1145.

20.     Therefore, on all contributions that remain unpaid from January 1, 2022, and December 31, 2024, the Funds are entitled to recover from PCI all owed contributions; as well as their reasonable value attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §1132(g), the Local 127 CBA, and the Funds' Trust Agreements.

21.     Moreover, for those work months where contributions were paid, but received late, the Funds are entitled late paid interest and liquidated damages pursuant to the terms of the collective bargaining agreements and trust agreements for the period January 1, 2022, and December 31, 2024.

**WHEREFORE**, the Funds demand the following relief:

1.     Judgment on behalf of the Funds and against PCI:

    A.     For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds for the period January 1, 2022, and December 31, 2024;

    B.     Reasonable attorney fees and the costs of this action.

2.     For such other, further, or different relief as the Court deems just and proper.

-5-

Dated this 8th day of May 2026.

/s/ Alex J. Sterling_____
Alex J. Sterling (SBN: 1107931)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI  53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com

Attorneys for Plaintiffs

-6-